**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LAUREN ROSE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:20-cv-44 |
| v. | : | |
| | : | Senior Judge Walter H. Rice |
| **AMERICAN SECURITY INSURANCE COMPANY,** | : | |
| | : | |
| Defendant. | : | |

**STIPULATED PROTECTIVE ORDER**

To facilitate discovery in this lawsuit, and to protect the parties' interests in the confidentiality of personal, proprietary, or other sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the Court, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby orders that documents and information produced by the parties in this proceeding (the "Proceeding") shall be subject to the following terms and conditions of this Stipulated Protective Order ("Order"):

**1.    Scope**

**(a)**    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response or otherwise, when same is designated in accordance with the procedures set forth herein.

**(b)**    Under this Order, any party shall have the right to identify and designate as "Confidential Information" any document or other information that is produced or provided, or

any testimony given in this Proceeding, which testimony or discovery material contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "Confidential Information."

**(c)** All Confidential Information produced in this litigation shall be used only for purposes of this litigation.

**2.** **Designation Of Confidentiality**

Documents or information may be designated as Confidential Information within the meaning of this Order in the following ways. After any document or information is designated as Confidential Information, all copies of such document or information, then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

**(a)** With respect to documents, designation of Confidential Information shall be made by stamping or labeling such document "Confidential" on each page of the document.

**(b)** With respect to written discovery responses, if appropriate, designation of Confidential Information shall be made by a statement in the answers or responses specifying the answers or responses that are designated as Confidential Information and by labeling each page of the answers or responses containing Confidential Information as "Confidential."

**(c)** With respect to depositions, the information discussed in depositions (including exhibits) or contained in depositions transcripts (including exhibits) shall be designated as Confidential Information by a statement on the record that such information is Confidential and

by labeling the portions of any transcripts or exhibits as "Confidential." The original deposition transcript, each copy of the transcript, and any video recording of a deposition containing Confidential Information shall state on the front that it "Contains Confidential Information." Designations of portions of the transcript (including exhibits) which contain Confidential Information shall be made either at the deposition or within fourteen (14) days after a party receives the transcript. The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the fourteen-day period.

**3.** **Disclosure Of Confidential Information**

**(a)** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated as Confidential Information pursuant to this Order.

**(b)** Documents and information designated as Confidential Information in accordance with this Order shall be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than the following:

**(i)** counsel of record to any party to this Order;

**(ii)** the legal, clerical, paralegal staff, or other staff of such counsel of record to this action employed during this action;

**(iii)** the parties to this Order and any current or former principals, officers, agents and employees of a party;

**(iv)** outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this Proceeding;

**(v)** persons retained by the parties to provide expert services or advice or to give expert testimony in this action;

**(vi)** any witness and their counsel during the course of and in preparation for a deposition and/or testimony in the Proceeding;

3

    **(vii)** court reporters in this Proceeding; and,

    **(viii)** the Court, Court personnel, and jurors.

 **(c)** If counsel for a party wants to disclose Confidential Information to any person other than those referred to in Paragraph 3(b), such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and attempt to obtain consent of the disclosure from counsel for the opposing party.  If counsel is unable to agree on the terms and conditions of disclosure to persons not enumerated in Paragraph 3(b), disclosure may be made only on such terms as the Court may order.

 **(d)** Confidential Information disclosed to any person identified in Paragraph 3(b) of this Order shall not be disclosed by him/her to any other person not included within Paragraph 3(b).  No such documents or information designated as Confidential Information pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

**4.** **Notification Of Protective Order**

 Any person who is to be provided Confidential Information pursuant to Paragraph 3(b)(v) or (vi), shall, prior to receipt of such Confidential Information:

 **(a)** be informed by the party providing such Confidential Information of the terms of this Order;

 **(b)** execute the Agreement, attached as Exhibit A; and,

 **(c)** submit to the authority of this Court for enforcement of this Order.

**5.** **Objections To Designations**

 The parties are not obligated to challenge a Confidential Information designation at the time it is made, and a failure to do so shall not result in the waiver of a party's right to make a subsequent challenge.  If a party objects to the designation of any document or information as

4

Confidential Information, counsel for the objecting party shall notify all counsel of record of the objection.  If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the documents or information in question or seek a status conference regarding the issue.  If such a dispute regarding the objection cannot be resolved by agreement, the document or information shall continue to be designated as Confidential Information pending a ruling by the Court.

**6.**     **Filing Of Confidential Information With The Court**

In the event the nonproducing party seeks to file Confidential Information with the Court, that party will advise the party which produced the discovery documents in question no later than fourteen days in advance of the intended filing to give the producing party an opportunity to seek a court order which requires filing those documents under seal. The party designating such information as Confidential will have the burden of persuasion on any motion to file Confidential Information under seal.  The parties agree that they will work together in good faith to determine if information may be redacted or a confidential designation be removed or narrowed so as to avoid the necessity of filing a motion to file documents or information under seal.  The parties further agree to comply with the Ohio Rules of Civil Procedure and the Court's local rules for the filing of motions to file documents or information under seal.

**7.**     **Return Or Destruction Of Confidential Information**

After the final resolution of this Proceeding, including any appeals, all Confidential Information shall be returned to counsel for the party that produced it, shall be destroyed, or shall be retained in counsel's legal files.  As to any attorney work product that contains or was derived from Confidential Information, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order.  Counsel shall also be

entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are clearly marked to indicate that they contain information subject to this Order.  The provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall continue to be binding after the conclusion of this litigation.

**8.     Use Of Confidential Information At Trial**

The rules and procedures governing the use of Confidential Information at any hearing or trial shall be determined prior to such hearing or trial.

**9.     Preservation Of Rights And Privileges**

**(a)**     Nothing contained in this Order, nor any action taken in compliance with it, shall:

**(i)**     operate as an admission or assertion by any party or third-party producing documents that any particular document or information is, or is not, confidential, a trade secret, work product, privileged, or admissible at trial;

**(ii)**     affect the right of any party or third-party to make any other type of objection, claim or other response to discovery requests or subpoenas; or,

**(iii)**     prejudice in any way the right of any party to seek a Court determination of whether or not Confidential Information should remain confidential and subject to the terms of this Order.

**(b)**     Nothing contained in this Order constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other legally cognizable privilege.

**10.     Miscellaneous**

**(a)**     Where a party produces a document or other material without designating it as Confidential Information under this Order, that party may correct its designation, or lack thereof, and subsequently designate the document as Confidential Information, by furnishing at the party's own expense a new copy of the document or material for which there is a change in designation to

counsel for the other parties.  Upon receipt of the new copy, counsel for the other parties shall destroy and not retain copies of any prior versions of such document or material that were not designated as Confidential Information.

**(b)** Documents or information produced by any party prior to the entry of this Order which were stamped or otherwise labeled in such a way as to qualify as Confidential Information under this Order shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such documents or information were produced.  If a party wishes to designate a document or information produced prior to the entry of this Order as Confidential Information, but failed to appropriately stamp or label the document or information at the time of production, such party may subsequently designate the document or information as Confidential Information pursuant to the methods set forth in Paragraph 10(a).

**(c)** Nothing in this Order shall prevent any party from using or disclosing its own documents or information, regardless of whether they are designated as Confidential Information.

**(d)** This Order shall not prevent a party from applying to the Court for further or additional protective orders, from agreeing to modifications of this Order (subject to Court approval), or from requesting that the Court grant relief from any provision of this Order.

**IT IS SO ORDERED.**

Dated:   July 8, 2020                              *Walter H. Rice*   (tp - per Judge Rice authorization after his review)
                                                  Walter H. Rice, Senior District Judge
                                                  United States District Court

7

**AGREED TO AS TO FORM AND CONTENT:**

| | |
|---|---|
| */s/ Carrie J. Dyer (per e-mail auth. 06/30/20)* | */s/ Jeffrey S. Hiller* |
| Greg R. Mansell  (#0085197) | Jeffrey S. Hiller  (#0081533) |
| Carrie J. Dyer  (#0090539) | Sarah K. Squillante  (#0096705) |
| MANSELL LAW, L.L.C. | LITTLER MENDELSON, P.C. |
| 1457 South High Street | 21 East State Street, 16th Floor |
| Columbus, OH  43207 | Columbus, OH  43215 |
| Telephone:  614.610.4134 | Telephone:  614.463.4230 |
| Facsimile:  614.547.3614 | Facsimile:  614.573.7475 |
| E-mail:  greg@manselllawllc.com | E-mail:  jhiller@littler.com |
| carrie@manselllawllc.com | ssquillante@littler.com |
| *Attorneys for Plaintiff Lauren Rose* | *Attorneys for Defendant* |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LAUREN ROSE,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 3:20-cv-44 |
| v. : | |
| : | Senior Judge Walter H. Rice |
| **AMERICAN SECURITY INSURANCE** : | |
| **COMPANY,** : | |
| : | |
| Defendant. : | |

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms of the Protective Order, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Name:** _____

**Job Title/Employer:** _____

**Business Address:** _____

**Signature:** _____

**Date:** _____

4828-7302-2657.1 066383.1165